

# The Attorney General of Texas

August 1, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5236

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patrick J. Ridley
County Attorney
Bell County Courthouse
Belton, Texas 76513

Opinion No. MW-37

Re: Liability of a justice of the peace who has accepted a worthless check.

Dear Mr. Ridley:

You have requested an opinion regarding the liability of a justice of the peace who accepts as payment of a fine a personal check which is later determined to be worthless.

The justice is liable for all fines imposed in his court and may discharge that responsibility by compliance with article 1619, V.T.C.S., which provides:

> Fines imposed and judgments rendered by justices of the peace shall be charged against the justice imposing or rendering the same. He may discharge said indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof, or by showing to the satisfaction of the commissioners court that he has used due diligence to collect the same without avail, or that the same have been satisfied by imprisonment or labor.

See also V.T.C.S. arts. 1622, 1657; Code Crim. Proc. art. 1006. A check does not represent final payment of the debt until it is honored by the bank, City of El Paso v. Two Republics Life Ins. Co., 278 S.W. 231 (Tex. Civ. App. — El Paso 1925, writ ref'd), and thus we believe the effect of a treasurer's receipt is conditional upon the check for which the receipt was issued being honored. Attorney General Opinion V-312 (1947); V.T.C.S. art. 1619.

If a check is not paid, however, the justice's liability can be discharged under article 1619 if he exercises due diligence to collect it. Issuance of a capias pro fine under articles 45.51 and 45.52, Code of Criminal Procedure, is one procedure which ordinarily will constitute due diligence.

Cf. V.T.C.S. art. 7261a (liability of tax collector for personal checks is discharged if he secures adequate identification of the maker). Where he has exercised due diligence to collect the fine the justice is entitled to be credited or reimbursed for any money he has advanced to the treasurer.

## SUMMARY

In order to discharge his liability for the amount, a justice of the peace must exercise due diligence in collection on a worthless check accepted as payment of a fine. Issuance of a capias pro fine under articles 45.51 and 45.52, Code of Criminal Procedure, is one procedure which ordinarily will constitute due diligence.

Very truly yours,

**MARK WHITE**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Tom Bullington
Charles Campbell
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood